

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-123-CV

IN RE DAVID M. MACDONALD                                        RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

This is an original proceeding in which Relator David M. Macdonald asks this court to order the trial court (1) to vacate its April 16, 2010 writ of attachment and grant his motion to quash and for protection from the State's April 9, 2010 subpoena duces tecum, or (2) to consider his motion to quash and for protection on the current pleadings and grant him general relief. We deny the petition for writ of mandamus as moot.

In conjunction with a criminal proceeding involving Bradley Dean Clifton, the State issued a subpoena requiring Macdonald to appear and produce documents on April 16, 2010. Macdonald received the subpoena on April 9,

---

[1]*See* Tex. R. App. P. 47.4.

2010, and, later that day, filed a motion to quash and for protection from the State's subpoena asserting the attorney-client privilege and requesting a hearing on the motion. *See* Tex. Code Crim. Proc. Ann. art. 24.06(3) (Vernon 2009) (providing that witness is deemed to have refused to obey a subpoena only when he fails to appear when summoned and "refuses without legal cause to produce evidence in his possession which he has been summoned to bring with him and produce"). In support of his motion, Macdonald filed an affidavit in which he asserted that he had been retained to represent the Open Arms Church and its pastor, Bradley Dean Clifton, and that the communications that took place between the church, Clifton, and himself were confidential communications protected by the attorney-client privilege. The State did not file a response to Macdonald's motion to quash or put forth any evidence establishing a waiver of the attorney-client privilege. *See Carmona v. State*, 941 S.W.2d 949, 953 (Tex. Crim. App. 1997) (finding that a party seeking to benefit by a finding of waiver of the attorney-client privilege has the burden of going forward with evidence that supports a finding of waiver); *Sanford v. State*, 21 S.W.3d 337, 342 (Tex. App.—El Paso 2000, no pet.).

Macdonald did not personally appear at the April 16, 2010 hearing on his motion to quash, but his attorney appeared on his behalf and explained that he was appearing to challenge the substance of the subpoena. Specifically, Macdonald's counsel contended that he was present to make a record that every item sought by the State's subpoena was protected by the attorney-client

2

privilege. Although it had Macdonald's affidavit and no contradictory evidence from the State, the trial court did not conduct a hearing on the motion to quash to determine whether Macdonald had "legal cause" under article 24.06(3) to refuse to produce the evidence. Instead, the trial court immediately issued a writ of attachment. *See* Tex. Code Crim. Proc. Ann. art. 24.22 (Vernon 2009) (providing that trial court may issue writ of attachment for out of county witness only when that witness "refuses to obey a subpoena"); *Boyle v. State*, 820 S.W.2d 122, 128 (Tex. Crim. App. 1989) (holding that witness must refuse to obey a properly served subpoena before attachment may issue), *cert. denied*, 503 U.S. 921 (1992), *disapproved of in part on other grounds by Gordon v. State*, 801 S.W.2d 899 (Tex. Crim. App. 1990). Macdonald's petition for writ of mandamus and motion for emergency temporary relief followed. On April 19, 2010, this court issued an order temporarily staying the trial court's April 16, 2010 writ of attachment and requesting a response to the petition for writ of mandamus and motion for emergency temporary relief.

On June 29, 2010, this court issued an order abating the case to the trial court to hold an evidentiary hearing on Macdonald's motion to quash. The trial court held an evidentiary hearing on the abatement order on July 13, 2010. On July 26, 2010, the trial court issued an order requiring Macdonald to appear at a hearing on July 30, 2010, with all of the items that had been subpoenaed by the State for an in camera inspection by the trial court and for inclusion into the record for inspection by this court. On July 28, 2010, the trial court issued an

3

amended order again ordering Macdonald to personally appear on July 30, 2010 with the items subpoenaed by the State.

On July 29, 2010, Macdonald filed a second motion for emergency temporary relief in this original proceeding asking for relief from the trial court's amended order to appear. On that same day, this court issued an order staying the trial court's July 28, 2010 order and requesting a response. On August 24, 2010, this court issued an order denying Macdonald's second motion for temporary relief and directing him to produce the ordered documents to the trial court for an in camera inspection. The trial court conducted its in camera inspection, and on September 9, 2010, the trial court issued its findings of fact and conclusions of law in which it determined that Macdonald had properly invoked the attorney-client privilege and that the privilege applied to the documents subpoenaed by the State. The trial court, therefore, quashed the subpoena. Because the trial court has now quashed the State's subpoena duces tecum, the trial court's writ of attachment premised on Macdonald's failure to appear pursuant to the State's subpoena is of no force or effect. *See* Tex. Code Crim. Proc. Ann. Arts. 24.06, 24.11, 24.22 (Vernon 2009). Accordingly, because the trial court has granted Macdonald's requested relief, we lift our April 19, 2010

stay and deny the petition for writ of mandamus as moot.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DELIVERED:  October 7, 2010